**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-02505-LTB-CBS

TRUSTEES OF THE PIPE INDUSTRY HEALTH AND WELFARE FUND OF COLORADO, an express trust;

TRUSTEES OF THE DENVER PIPE INDUSTRY VACATION FUND, an express trust;

DENVER PIPEFITTERS JOINT APPRENTICESHIP AND TRAINING FUND, an express trust;

CONTRACT ADMINISTRATION FUND OF NORTHEASTERN COLORADO, a Colorado corporation; and

PLUMBERS LOCAL UNION NO. 3, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, an unincorporated association,

      Plaintiffs,

v.

MOUNTAIN MECHANICAL ENGINEERS, INC., a Colorado corporation, doing business as

BENJAMIN FRANKLIN PLUMBING OF NORTHERN COLORADO, formerly known as

PALMER PLUMBING & HEATING, and as PALMER PLUMBING,

      Defendants.
_____

**ORDER OF DEFAULT JUDGMENT**
_____

Upon Plaintiff's Motion for Default Judgment, Attorney's Fees, and Court Costs (Doc 7 - filed January 4, 2010), and the Court having jurisdiction herein, finds:

1. On October 26, 2009, the Plaintiff Trustees of multiemployer employee benefit plans filed the Complaint herein under Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(g)(2), to collect delinquent fringe benefit contributions, interest, liquidated damages, costs, and attorney fees due from Defendant to the Plans under the terms of a collective bargaining agreement and related trust fund agreements, and to enforce the provisions of Section 515 of ERISA, 29 U.S.C. § 1145. The Plaintiff Union seeks to collect delinquent Union dues owed by Defendant under the terms of the Collective Bargaining Agreement pursuant to Section 301(a) of the Labor-Management Relations Act of 1947, as Amended, 29 U.S.C. § 185(a).

2. On November 10, 2009, Defendant was served with a copy of the Summons and Complaint by personal service upon Barton Palmer, registered agent of Mountain Mechanical Engineers, Inc. The Return of Service was filed as Document No. 3 on November 10, 2009.

3. On December 10, 2009, Plaintiffs filed an application of entry of default against Defendant under Fed.R.Civ.P. 55(a), because Defendant has not answered or responded to the Complaint.

4. On December 15, 2009, the Clerk of the Court entered default against Mountain Mechanical.

5. The Court has jurisdiction over the parties and the subject matter of this action under the provisions of 28 U.S.C. § 1132(e)(1) and (4), 29 U.S.C. § 185(a), and 28 U.S.C. §§ 1331 and 1337.

6. Defendant Mountain Mechanical is a Colorado corporation, which at all times relevant to this action was doing business in the State of Colorado as Benjamin Franklin Plumbing of Northern Colorado, formerly known as Palmer Plumbing & Heating, and as Palmer Plumbing.

7. As stated in the Affidavit of Kurt W. Steenhoek, Chairman of the Board of Trustees, Pipe Industry Health and Welfare Fund of Colorado, and Business Manager, Plumbers Local Union No. 3, Mountain Mechanical, doing business as Palmer Plumbing and Heating, entered into a Collective Bargaining Agreement with Plumbers Local No. 3 and Pipefitters Local No. 208 on April 1, 2003. On September 12, 2003, Mountain Mechanical, doing business as Palmer Plumbing, entered into another Collective Bargaining Agreement, known as the U.A. National Residential Agreement applicable to work performed in the jurisdiction of Plumbers Local No. 3. Barton J. Palmer signed both Collective Bargaining Agreements (the "CBA"). The CBA remained in full force and effect through December 31, 2008.

8. In June 2006, Mountain mechanical started doing business under the name Benjamin Franklin Plumbing of Northern Colorado ("Benjamin Franklin Plumbing").

9. Under the terms of the CBA, Benjamin Franklin Plumbing is required to submit monthly reports to Plaintiffs, and pay fringe benefit contributions and Union dues in specified amounts for hours of work performed by its employees.

10. Pursuant to the provisions of the CBA, Plaintiff Trustees audited the payroll records of Defendant to determine the amount of unpaid contributions owed by Benjamin Franklin Plumbing, after Defendant became delinquent in paying contributions.

11. As stated in the Affidavit of Kurt W. Steenhoek ("Steenhoek Affidavit"), the audit report, dated August 10, 2009, revealed a delinquency of $12,389.85 in unpaid contributions for the period January 2006 through December 2008. The audit also computed interest on the unpaid contributions to October 20, 2009, in the amount of $3,908.48, liquidated damages of $2,043.17, and late charges of $1,250.00. The auditor's fees for conducting the payroll audit amounted to $2,509.45.

12. After this action was filed, Defendant paid the November 2008 contributions, in the amount of $3,370.40, and the December 2008 contributions, in the amount of $4,342.83. After crediting such payments to the audited amount owed, a balance of $4,676.62 in unpaid contributions remains due and owing, plus interest, liquidated damages, and late charges.

13. Plaintiffs have incurred reasonable attorney's fees in the amount of $2,570.00 in the prosecution of this action. The attorney's fees were billed at the rate of $200.00 an hour for legal services rendered prior to November 1, 2009, and at the rate of $225.00 an hour for legal services performed after November 1, 2009. All services were rendered by Martin D. Buckley, who is a shareholder in the firm of Berenbaum Weinshienk PC.

IT IS THEREFORE ORDERED that default judgment under Fed.R.Civ.P. 55(b)(2) against Defendant, Mountain Mechanical Engineers, Inc., doing business as Benjamin Franklin Plumbing of Northern Colorado, is entered as follows:

A. Total judgment of $17,478.07 in favor of Plaintiffs and against Defendant, consisting of the following:

(1) Unpaid contributions to the Funds in the amount of $4,676.32 for the period January 1, 2006 through December 31, 2008;

(2) Interest on the unpaid contributions at the rate of two percent (2%) per month through October 20, 2009, in the amount of $3,908.48;

(3) Liquidated damages in an amount equal to twenty percent (20%) of the unpaid contributions in the amount of $2,043.17, pursuant to 29 U.S.C. § 1132(g)(2)(C);

(4) Late charges in the amount of $1,250.00;

(5) Audit fees in the sum of $2,509.45;

(6) Reasonable attorney's fees in the amount of $2,570.00; and

(7) Court costs in the amount of $520.65, consisting of the filing fee of $350.00, and the fee for service of process in the amount of $170.65.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED: April 26, 2010